# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

ERIN JAQUELINE SHARMA,

    Petitioner,

vs.

PATTI WACHTENDORF,

    Respondent.

No. C16-0037-LRR

**ORDER**

---

The matter before the court is the petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 (docket no. 1). The clerk's office received and filed such application on March 7, 2016. The petitioner paid the required filing fee. *See* 28 U.S.C. § 1914(a) (requiring $5.00 filing fee).

"[T]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him [or her] in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973). Consequently, "[h]abeas corpus jurisdiction lies only when [the prisoner's] custodian is within the jurisdiction of the district court." *United States v. Monteer*, 556 F.2d 880, 881 (8th Cir. 1977); *see also Kills Crow v. United States*, 555 F.2d 183, 189 n.9 (8th Cir. 1977) (noting that "§ 2241 jurisdiction exists only if the District Court has jurisdiction over the petitioner's custodian"); *Gravink v. United States*, 549 F.2d 1152, 1153-54 (8th Cir. 1977) (concluding that a manner of execution claim is not cognizable under 28 U.S.C. § 2255 and such claim is properly asserted under 28 U.S.C. § 2241 in the district where the claimant is in custody); *McCoy v. United States Bd. of Parole*, 537 F.2d 962, 964-65 (8th Cir. 1976) (observing that jurisdiction under 28 U.S.C. § 2241 lies in the district of actual

physical confinement and the district where a custodian responsible for the confinement is present); *Lee v. United States*, 501 F.2d 494, 500-01 (8th Cir. 1974) (asserting that claims involving the execution of a sentence must be brought in district where petitioner is confined). Here, it is apparent that neither the petitioner nor her custodian are located in the Northern District of Iowa. Rather, they are located in Mitchellville, Iowa, which is in the Southern District of Iowa. Because the court lacks jurisdiction in this matter, the petitioner's application for a writ of habeas corpus shall be dismissed without prejudice. *See Carmona v. Minn.*, 23 F. App'x 629 (8th Cir. 2002); *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994); *United States v. Hutchings*, 835 F.2d 185, 186-87 (8th Cir. 1987).

Moreover, the challenges asserted are the type of challenges properly submitted in a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (stating that a "challenge to a federal conviction [. . .] is most appropriately brought as a motion under 28 U.S.C. § 2255"). Given the statements made, claims raised and the relief sought, it appears that the petitioner is seeking relief under 28 U.S.C. § 2241 in order to avoid the requirement in 28 U.S.C. § 2244(b)(3)(A)[1] that she obtain authorization from the appropriate circuit court of appeals to file a second or successive 28 U.S.C. § 2255 motion. It is well settled that inmates may not circumvent the procedural requirement associated with bringing a second or successive 28 U.S.C. § 2255 motion by relabeling the motion. *See, e.g.*, *United States v. Patton*, 309, F.3d 1093, 1094 (8th Cir. 2002) (affirming decision which denied defendant's petition under Rule 12(b)(2) of the Federal Rules of Criminal Procedure because the Eighth Circuit Court of Appeals has "consistently held that inmates may not

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides:
> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

bypass the limitation on successive habeas petitions" by attempting to invoke some other procedure) (citing *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (writ of coram nobis); *Lurie*, 207 F.3d at 1077 (28 U.S.C. § 2241 petition); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (42 U.S.C. § 1983 claim); *Ruiz v. Norris*, 104 F.3d 163, 164 (8th Cir. 1997) (motion to recall mandate); *Mathenia v. Delo*, 99 F.3d 1476, 1480 (8th Cir. 1996) (Fed. R. Civ. P. 60(b)(6) motion)); *see also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (Fed. R. Civ. P. 59(e)) (citing *Patton*, 309 F.3d at 1093); *United States v. Matlock*, 107 Fed. Appx. 697, 698 (8th Cir. 2004) (Fed. R. Civ. P. 60(b) motion) (citing *Patton*, 309 F.3d at 1093). "[B]oth the law and common sense suggest federal prisoners cannot skirt designated procedural pathways by renumbering their filings." *United States ex rel. Perez v. Warden*, 286 F.3d 1059, 1061 (8th Cir. 2002) (referring to prisoners' attempts to file 28 U.S.C. § 2241 motion in lieu of a proper 28 U.S.C. § 2255 motion). Thus, the petitioner is unable to rely on 28 U.S.C. § 2241; the petitioner should have relied upon 28 U.S.C. § 2255 to invoke the jurisdiction of the court that imposed her sentence, that is, the United States District Court for the Middle District of Florida. Because the petitioner relied on the wrong statute and the court lacks jurisdiction in this matter, the petitioner's application for a writ of habeas corpus shall be dismissed without prejudice.[2]

**IT IS THEREFORE ORDERED:**

The petitioner's application for a writ of habeas corpus is dismissed without

---

[2] Given the history of the petitioner's efforts as outlined by her in the instant pleading and as evidenced by district orders and appellate opinions that are associated with her criminal case, the court declines to transfer this case to another venue. If she intends to pursue the claims in this matter further, the petitioner should do so in either the United States District Court for the Middle District of Florida or the Eleventh Circuit Court of Appeals.

prejudice.

**DATED** this 15th day of March, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA